IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

TANESHEA POINTER                                              PLAINTIFF

v.                    No. 3:19-cv-359-DPM

MIRACLE KIDS SUCCESS ACADEMY                    DEFENDANT

ORDER

    Taneshea Pointer worked for Miracle Kids Success Academy as a van driver transporting disabled children for approximately three months before she was fired. When Pointer's supervisor, Shelley Tucker, called her in to chide her for attendance issues, she reported being sexually assaulted and sexually harassed by her van rider, Keith Gregory. Pointer complained that Gregory played lewd music in the van and once touched her leg without consent. She also told Tucker about an incident where Gregory went into the restroom with a child for some time. Tucker did not immediately create a report about Gregory's conduct or Pointer's allegations. But, she immediately assigned Pointer a new rider, Jessica Yarbro. Eight days later, Yarbro reported Pointer to her site supervisor, Jacquie Burke, for using her cellphone while driving with children in the van and for crossing a railroad track as the gates were coming down. Burke notified Tucker, who was out of office, and the two scheduled a meeting with Pointer the next morning. At the meeting, Tucker fired Pointer. Pointer sues,

alleging Miracle Kids fired her for reporting Gregory's inappropriate conduct and that Miracle Kids' reason for firing her (the rule violations) was pretextual.

Miracle Kids argues that Pointer hasn't made a *prima facie* case. Her burden, though, is minimal and the Court therefore assumes she has done so. *Lake v. Yellow Transportation, Inc.*, 596 F.3d 871, 874 (8th Cir. 2010). Miracle Kids has offered a legitimate, non-discriminatory reason for firing Pointer: rule violations. The case therefore comes down to pretext. Pointer hasn't identified any potential comparators. Nor does she say that Miracle Kids failed to follow its own policies.

Pointer emphasizes the temporal proximity between her report about Gregory's inappropriate behavior to Miracle Kids and her firing. Miracle Kids admits that it didn't create the written report of Pointer's complaints until the day after she was fired; it did, however, immediately move Gregory to a different van. Eight days separate Pointer's report and her firing. The timing is close, which weighs in Pointer's favor. But, the precedent is clear that temporal proximity is not dispositive. *Kiel v. Select Artificials, Inc.*, 169 F.3d 1131, 1136 (8th Cir. 1999) (en banc). It is undisputed that, in due course, Miracle Kids investigated Pointer's report about Gregory's interactions with the child. It is likewise undisputed that, based on an interview with

-2-

Gregory and the written statements of other employees, Miracle Kids concluded that nothing untoward had actually occurred.

Pointer's main argument for pretext is that her driving-related rule violations had no basis in fact. She says Yarbro wanted to become a van driver and claims that Yarbro made up the violations to get Pointer's job. Yarbro's written report contained specifics: children were in the van; the times when Pointer was on her cellphone; and the substance of her conversations. Yarbro also said that she had audio recordings of Pointer breaking the rules. In her deposition, Pointer acknowledged that either violation—using a cellphone while driving or crossing a railroad track while the gates were coming down—is a firing offense. And the issue is not Yarbro's truthfulness in her report, or her motivation, but rather whether the report provided a reasonable basis for Miracle Kids to act. *Main v. Ozark Health, Inc.*, 959 F.3d 319, 325 (8th Cir. 2020); *Wilking v. County of Ramsey*, 153 F.3d 869, 873 (8th Cir. 1998). It did. On this record, no reasonable fact finder could conclude that Miracle Kids did not have a reasoned basis for firing Pointer based on these reported rule violations. Miracle Kids is therefore entitled to judgment as a matter of law.

\* \* \*

Motion for summary judgment, *Doc. 43*, granted.

So Ordered.

*W.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

*3 August 2022*